IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,<br><br>            Plaintiffs,<br><br>    v.<br><br>ASUSTEK COMPUTER INC. and ASUSTEK COMPUTER INTERNATIONAL AMERICA,<br><br>            Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "Plaintiffs"), for their Complaint against Defendants ASUSTeK Computer Inc. and ASUSTeK Computer International America (collectively "Defendants"), hereby allege as follows:

## THE PARTIES

1. Plaintiff Charles C. Freeny III is an individual residing in Flower Mound, Texas.

2. Plaintiff Bryan E. Freeny is an individual residing in Ft. Worth, Texas.

3. Plaintiff James P. Freeny is an individual residing in Spring, Texas.

4. On information and belief, Defendant ASUSTeK Computer Inc. is a Taiwanese corporation having its principal place of business at No. 15, Li-Te Rd., Peitou, Taipei, Taiwan, Republic of China.

5. On information and belief, Defendant ASUSTeK Computer International America is located at 800 Corporate Way, Fremont, CA 94539. On information and belief, ASUSTeK Computer International America is a wholly owned subsidiary of ASUSTeK Computer Inc.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C. §§1331 and 1338(a).

7. This Court has specific and/or general personal jurisdiction over Defendants ASUSTeK Computer Inc. and ASUSTeK Computer International America because they have committed acts giving rise to this action within this judicial district and/or has established minimum contacts within Texas and within this judicial district such that the exercise of jurisdiction over each would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this district, and/or have committed acts of patent infringement within this District giving rise to this action.

## INFRINGEMENT OF U.S. PATENT NO. 7,110,744

9. Plaintiffs re-allege and incorporate by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

10. On September 19, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 7,110,744 ("the '744 patent") entitled "Communication and Proximity Authorization Systems." A true and correct copy of the '744 patent is attached hereto as **Exhibit A**.

11. The named inventor of the '744 patent is Charles C. Freeny, Jr., who is now deceased.

12. Plaintiffs are the sons of Charles C. Freeny, Jr., and Plaintiffs are the owners and

assignees of all right, title and interest in and to the '744 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

13. On information and belief, Defendants have been and now are infringing the '744 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States dual band wireless networking products that embody the inventions claimed in the '744 patent, including but not limited to the ASUS RT-AC66R dual band wireless router and all reasonably similar products.

14. On information and belief, Defendants will continue to infringe the '744 patent unless enjoined by this Court.

15. Defendants' acts of infringement have damaged Plaintiffs in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendants' infringement of Plaintiffs' rights under the '744 patent will continue to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

    a. For judgment that Defendants have infringed and continues to infringe the claims of the '744 patent;

    b. For preliminary and permanent injunction against Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '744 Patent;

c.  For an accounting of all damages caused by Defendants' acts of infringement;

d.  For damages to be paid by Defendants adequate to compensate Plaintiffs for such infringement, including interest, costs and disbursement as justified under 35 U.S.C. § 284; and

e.  For such other relief at law and in equity as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues triable by a jury.

Dated: April 29, 2013                    Respectfully submitted,

*/s/ Christopher D. Banys*
Christopher D. Banys - **Lead Attorney**

BANYS, P.C.
Christopher D. Banys         SBN: 230038 (California)
Richard C. Lin               SBN: 209233 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 322-9103
cdb@banyspc.com
rcl@banyspc.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill                  SBN: 24032294
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS CHARLES C. FREENY III, BRYAN E. FREENY, AND JAMES P. FREENY**